JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Fhon Khunaprapakor,          )
                             )
       Plaintiff,            )
                             )   08 CV 01467
       v.                    )
                             )
Forster & Garbus,            )
and Angela Davis,            )
                             )
       Defendants.           )   JURY DEMANDED

## Complaint

Plaintiff, by her attorneys, complaining of the Defendants respectfully alleges and shows to the Court as follows:

### Introduction

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and New York General Business Law § 349 ("GBL §349"), which prohibits deceptive acts or practices in the conduct of business. In violation of the FDCPA and GBL §349, Defendant misrepresented to Plaintiff the legal status of an alleged debt in an attempt to intimidate and coerce Plaintiff into paying the debt immediately.

### Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C §1692k (d), 28 U.S.C §1337.

1

3. Venue in this District is proper in that the conduct complained of occurred here.

## Parties

4. Plaintiff, Fhon Khunaprapakor, is a natural person residing in the City and County of New York.

5. Defendant, Forster & Garbus (hereinafter "F&G"), is a law firm with its principal place of business located at 500 Bi-County Blvd, Suite 300, P.O. Box 9030, Farmingdale, NY 11735-9030.

6. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant Angela Davis (hereinafter "Davis") is a natural person employed by Defendant F&G at all times relevant to this complaint.

9. Defendant Angela Davis is a "debt collector" as defined by the FDCPA.

10. The debt alleged to be owed was for personal, family, or household services.

11. Plaintiff alleges that at all times herein mentioned, the individually-named defendant was, and is now, the agent, servant, employee and/or other representative of Defendant F&G, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of F&G. Any reference

hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## Factual Allegations

12. In 2006, Defendants attempted to collect an alleged debt from Plaintiff by filing suit.

13. On December 21, 2006, Forster & Garbus filed suit in New York City Civil Court, County of New York, against Plaintiff.

14. In late January 2007, Plaintiff received in the mail a letter dated January 20, 2007, and postmarked January 25, 2007 from F&G. Plaintiff had not received any notice of the suit before receiving this correspondence.

15. This correspondence included a summons and complaint from the Defendant F&G.

16. In response to the letter, Plaintiff called the Defendants to inquire about the status of her account and the summons and complaint.

17. Plaintiff called the Defendants on February 21, 2007, and left a message inquiring about the status of her account.

18. Plaintiff called again later that day, and spoke to Defendant Angela Davis.

19. During this telephone call, Plaintiff was informed by Defendant Davis that there was a judgment in court against the Plaintiff and that the Plaintiff must now pay the judgment in full.

20. Defendant Davis said that this judgment had been entered the previous day, February 20, 2007.

21. Defendant Davis said that the amount of the judgment was $4205.29.

22. No such judgment had been entered.

23. Plaintiff was informed that the judgment was due in full.

24. Defendant Davis told Plaintiff that she could no longer make payments against her account, but must pay the balance in full to satisfy the judgment.

25. Defendant Davis promised Plaintiff that if she paid the account in full, through Western Union Quick Collect, Davis would notify her supervisor, who would in turn notify the sheriff's department that the judgment had been satisfied.

26. By using the Quick Collect Service, Defendant Davis told the Plaintiff that the court would be notified immediately by the Defendants that the debt had been paid in full.

27. Defendant Davis informed Plaintiff that any other method of payment would require the Defendants to wait at least thirty business days before Defendants would notify the court that the debt had been paid.

28. Defendant Davis agreed to fax a letter confirming Defendants' promise to the Plaintiff later that day.

29. Shortly thereafter, Plaintiff retained counsel and learned that Defendants had made misrepresentations and that there was no judgment against her.

30. Plaintiff Fhon Khunaprapakor, through her attorneys, answered the complaint and served discovery demands.

31. Shortly thereafter, Plaintiff moved for summary judgment.

32. On June 4, 2007, Plaintiff Fhon Khunaprapakor was granted summary judgment by the court.

33. As a result of Defendants' actions, Plaintiff has suffered stress, headaches,

anxiety, difficulty eating, and trouble sleeping.

## COUNT I

### Claims for Relief under the FDCPA

34. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

35. Defendants' actions and omissions as described herein violated numerous provisions of the FDPCA, including but not limited to the following:

    A. Defendants' violated 15 U.S.C. §1692d;

    B. Defendants' violated 15 U.S.C. §1692e, e(2)(A), e(5), and e(10); and

    C. Defendants' violated 15 U.S.C. §1692f, and f(1).

**WHEREFORE**, Plaintiff Fhon Khunaprapakor respectfully requests that judgment be entered against Defendant, for the following:

    (A)    Statutory damages as provided by § 1692k of the FDCPA;

    (B)    Actual damages as provided by § 1692k of the FDCPA;

    (B)    Attorneys' fees, litigation expenses and costs; and

    (C)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT II

### *Violations of New York General Business Law § 349 against Defendants*

36. Plaintiff hereby restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

37. Under New York General Business Law § 349 (hereinafter "GBL §349"), deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

38. GBL §349 provides in relevant part as follows:

*Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

> h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

39. By misrepresenting to Plaintiff that a judgment had been entered against her in court – when no such action had been taken – and that Plaintiff must now pay the judgment in full, and by making the other misrepresentations and threats set forth above, all with the intent of scaring and intimidating Plaintiff into making immediate payment, Defendants have caused Plaintiff Khunaprapakor to suffer actual injury in the form of emotional distress.

40. On information and belief, Defendants regularly utilize deceptive practices as described herein in an attempt to collect consumer debts.

41. Defendants' actions have a broad impact on New York consumers at large.

42. As a direct and proximate result of Defendants' deceptive acts and practices, committed in violation of GBL §349, Plaintiff Khunaprapakor was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants'

actions.

WHEREFORE, Plaintiff Khunaprapakor respectfully requests that this Court enter judgment in their favor against Defendants as follows:

(A) Actual damages;

(B) Punitive damages;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Injunctive relief; and

(E) Any other relief that this Court deems appropriate and just under the circumstances.

## Demand for Jury Trial

Please take notice that Plaintiff demands trial by jury in this action.

Dated: New York, New York
February 11, 2008

Respectfully submitted,

Brian L. Bromberg

Attorneys for Plaintiff
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York NY  10005